UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRENT ALLEN SWALLERS,          )
                               )
            Plaintiff,         )
    vs.                        )    No. 1:15-cv-1649-RLY-MJD
                               )
DANIEL DONAVAN, et al.,        )
                               )
            Defendants.        )

**Entry Granting Defendants' Motion for Summary Judgment**

Having considered the pleadings, the defendants' motion for summary judgment and the materials associated with such motion, the court finds that the motion for summary judgment should be **granted.**

**I. Parties, Claims and Defenses**

Plaintiff Brent Allen Swallers resides on the east side of Indianapolis at 539 South Auburn Street. He is the owner of record of both that property and of the adjacent property at 541 South Auburn Street (sometimes hereafter referred to as "the property").

The Marion County Department of Code Enforcement ("DCE") is a municipal agency responsible for enforcement of the zoning rules in Indianapolis as set forth in Revised Code of the Consolidated City and County (hereafter "*Revised Code*"). Daniel Donavan and Nicoson Gebert are Zoning Inspectors employed by the DCE. Bradley Sollars is an officer with the Indianapolis Metropolitan Police Department ("IMPD").

Swallers' claims are based on events associated with DCE inspections of the property. Swallers claims that the defendants are liable for liable for trespass, theft, and extortion. The defendants challenge the court's subject matter jurisdiction, they argue that they are immune from suit under provisions of the Indiana Tort Claims Act, IND. CODE § 34-13-3-1, *et seq.* ("ITCA"), and they argue that Swallers is collaterally estopped from bringing claims against Donavan and the DCE for causes of action that accrued on March 26, 2014.

## II. Procedural Posture

The action had an atypical beginning. On September 2, 2015, Swallers initiated an action on the clerk's miscellaneous docket as No. 1:15-mc-00079-SEB-MJD. That action was ordered placed on the civil docket through an Entry issued on October 15, 2015 and the complaint was re-docketed that same day, as was the defendants' answer to the complaint. This simultaneous re-docketing of both complaint and answer on the same day was possible because the defendants had appeared by counsel in No. 1:15-mc-00079-SEB-MJD and had filed their answer to the complaint therein.

The defendants' motion for summary judgment was then filed on December 2, 2015. The appropriate notification regarding that motion and the proper manner in which to respond to it was issued to Swallers, who is not represented by counsel in this action.

On December 31, 2015, Swallers filed a motion for a jury trial to be set and for the award of monetary relief. That motion was denied on January 12, 2016 "as procedurally improper." The court also noted in the Order of January 12, 2016 that "[t]he plaintiff could have responded to the defendants' motion for summary judgment as provided by Local Rule 56-(1), but the time for him to have done so has expired."

The action is therefore fully at issue on Swallers' complaint, on the defendants' answer, and on the defendants' unopposed motion for summary judgment.

### III. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Swallers' "pro se status doesn't alleviate his burden on summary judgment." *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011).

As noted, Swallers has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## IV. Undisputed Material Facts

"[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission." *Smith,* 321 F.3d at 683. The court therefore resolves the motion for summary judgment on the basis of the evidence submitted by the defendants. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004). Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Swallers as the non-moving party.

On September 30, 2014, Swallers filed a lawsuit in the Marion County Superior Court against the DCE and Donovan (hereafter "the state court lawsuit"). Swallers alleged in the state court lawsuit, docketed as No. 49D04-1409-CT-032348, that Donavan cited the owners of 541 South Auburn Street for several violations of the *Revised Code* and that in the course of doing so he trespassed on Swallers' property at that address on March 26, 2014. That same claim is asserted in this case. The state court granted the motion to dismiss on June 9, 2015 based on its finding that Swallers had not provided notice of his claims pursuant to the ITCA. No appeal from this disposition of the state court lawsuit was taken.

DCE Inspector Gebert was at the property at 539 South Auburn Street on August 13, 2015 and again on September 1, 2015. On this latter occasion, Inspector Gebert began taking pictures, was told by Swallers to leave, and returned with Officer Sollars, who instructed Swallers to permit Inspector Gebert to resume taking pictures of the property.

Inspector Gebert inspected the property located at 539 South Auburn Street on August 13, 2015 to identify whether the owners of that property were violating any provisions of the *Revised Code*. Inspector Gebert's inspection that revealed that the owners of 539 South Auburn Street were

responsible for two types of violations of the *Revised Code*. *First*, they were committing a zoning violation because they were improperly displaying merchandise on the property. *Second,* the property owners were committing a vehicle violation because there was an inoperable vehicle on the property. Inspector Gebert followed his training on this occasion by taking pictures of evidence of code violations that could be viewed from the public street. As he was doing so, Swallers confronted him. Swallers was upset that Inspector Gebert was taking pictures of the property at 539 South Auburn Street. Inspector Gebert offered Swallers a business card, which was taken, and asked Inspector Gebert to leave.

Based on his finding evidence of violations of the *Revised Code* as just narrated, Inspector Gebert opened a zoning and vehicle case at the DCE. Also has part of his training, Inspector Gebert performed additional inspections of any property on which he has identified evidence of a zoning violation. The additional inspection of the property at 539 South Auburn Street occurred on September 1, 2015. When he attempted to take pictures of this evidence, Inspector Gebert was approached by Swallers, who was talking loud, pointing, coming off of the property towards Gebert, and acting very hostile and aggressive. Swallers also threatened Gebert on September 1, 2015. After this threat was made, Officer Sollars, who was in his IMPD police uniform, met Inspector Gebert and followed him to 539 South Auburn Street so that he could finish taking pictures of the code violations that he identified during his second inspection. Officer Sollars then stood next to Gebert in the public street while Gebert took pictures of the code violations. Swallers then approached Gebert and Officer Sollars and claimed that they were trespassing. Officer Sollars explained that he and Gebert were standing on a public road, not Plaintiff's property, and that Gebert was taking pictures for the DCE.

Neither Inspector Gebert nor Officer Sollars stepped foot on the property at 539 South Auburn Street on September 1, 2015. Each was present as described above while performing the duties of his employment within the scope of his employment on September 1, 2015.

On the following day, September 2, 2015, Swallers filed the complaint docketed as No. 1:15-mc-00079-SEB-MJD. There was no tort claim notice served on any of the defendants or on the City of Indianapolis prior to September 2, 2015.

Swallers states on page 3 of his 14-page complaint that his claims are based on the court's diversity jurisdiction. It is quite evident, however, that the parties are all citizens of Indiana. It is also evident from Swallers' complaint that he seeks, in part, vindication of rights secured to him by the United States Constitution. This highlights the fact that Swallers' complaint contains both federal claims and state tort law claims.

## IV. Discussion

### A. Subject Matter Jurisdiction

"Subject-matter jurisdiction means adjudicatory competence over a category of disputes." *Wisconsin Valley Imp. Co. v. United States*, 569 F.3d 331, 333 (7th Cir. 2009)(citing *Kontrick v. Ryan,* 540 U.S. 443 (2004), and *Eberhart v. United States*, 546 U.S. 12 (2005)). Thus, a court has subject-matter jurisdiction if it has the "authority to decide the case either way." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) (Holmes, J.).

A district court possesses only the jurisdiction conferred to it by Congress. *See South Carolina v. Katzenbach*, 383 U.S. 301 (1966). Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. *Smart v. Local 702 Intern. Broth. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009)(citing 28 U.S.C. §§ 1331-32)).

"Jurisdiction is established when the complaint narrates a claim that arises under federal law (28 U.S.C. § 1331) or that satisfies the requirements of the diversity jurisdiction (28 U.S.C. § 1332)." *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). There is no diversity jurisdiction over Swallers' claims. However, a plaintiff need not plead legal theories in his complaint. *See, e.g., Rabe v. United Air Lines, Inc.,* 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *Ryan v. Ill. Dep't of Children & Family Servs.,* 185 F.3d 751, 764 (7th Cir. 1999) ("We have consistently held that plaintiffs are not required to plead legal theories. While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all.") (citations omitted).

The absence of diversity jurisdiction is thus not dispositive of the defendants' argument on jurisdiction. "It is settled doctrine that a case is not cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law." *Pan Am. Petroleum Corp. v. Superior Court of Del. In & For New Castle Cty*., 366 U.S. 656, 663 (1961). Here, the complaint make reference to the Fourth Amendment and to other federally secured interests. These references are sufficient to invoke 42 U.S.C. § 1983, "the ubiquitous tort remedy for deprivations of rights secured by federal law (primarily the Fourteenth Amendment) by persons acting under color of state law." *Jackson v. City of Joliet,* 715 F.2d 1200, 1201 (7th Cir. 1983), *cert. denied,* 465 U.S. 1049 (1984), and from this subject matter jurisdiction can be found to exist under 28 U.S.C. § 1331(a)("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). *See also Penobscot Nation v. Georgia-Pac. Corp.*, 254 F.3d 317, 322 (1st Cir. 2001)("the Supreme Court has often said that a colorable claim of a federal cause of action

will confer subject matter jurisdiction even though the claim itself may fail as a matter of law on further examination")(citing cases). This does not entirely displace the state torts *qua* claims under state law, of course, and jurisdiction over such claims may be found to exist pursuant to 28 U.S.C. § 1367(a).

The motion for motion for summary judgment is therefore **denied** as to the defendants' argument that the court lacks subject matter jurisdiction over Swallers' claims.

## B. Remaining Arguments in the Motion for Summary Judgment

The defendants advance other arguments in support of their motion for summary judgment. For the most part, these other arguments are persuasive.

- Any cause of action which accrued on March 26, 2014 were asserted and adjudicated in the state court lawsuit. Under the Full Faith and Credit Act, federal courts must give state judicial proceedings "the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken." 28 U.S.C. § 1738; *see Parsons Steel, Inc. v. First Alabama Bank,* 474 U.S. 518, 519 (1986). The doctrine of res judicata, or claim preclusion, "bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n.5 (1979). The Supreme Court has long recognized the doctrine of *res judicata* as "a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect." *Hart Steel Co. v. R.R. Supply Co.,* 244 U.S. 294, 299 (1917). The application of "*res judicata* serves vital public interests" and is supported by public policy. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 401 (1981). Under Indiana law, a state court judgment precludes all claims that were litigated or could have been litigated in the prior case when four requirements are met: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was rendered on the merits; (3) "the matter now in issue was, or could have been, determined in the prior action"; and (4) the prior judgment was rendered in a suit between the parties to the new lawsuit or parties in privity with them. *Small v. Centocor, Inc.,* 731 N.E.2d 22, 26 (Ind.Ct.App. 2000); *accord, Perry v. Gulf Stream Coach, Inc.,* 871 N.E.2d 1038, 1048 (Ind.Ct.App. 2007); *Dawson v. Estate of Ott,* 796 N.E.2d 1190, 1195 (Ind.Ct.App. 2003). Each of the elements are present as to the disposition of the state court lawsuit and any claim which could be based on events alleged in this case to have accrued on March 26, 2014. The motion for summary judgment is **granted** on the basis of the *res judicata* effect of the state court lawsuit.

- Swallers alleges that the defendants violated his federally secured rights because the defendants committed various torts against him under Indiana law. The defendants point out that the claims against the DCE are actually against the City of Indianapolis, but this is of no consequence. *Best v. City of Portland*, 554 F.3d 698, fn\* (7th Cir. 2009). Apart from this, however, Section 1983 "is not itself a source of substantive rights"; rather it merely provides "a method of vindicating federal rights conferred elsewhere." *Albright v. Oliver,* 510 U .S. 266, 271 (1994). It is paramount to note here, moreover, that there is no cause of action under 42 U.S.C. § 1983 for the violation of a state law. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("42 U.S.C. 1983 protects plaintiffs from constitutional violations, not violations of state laws . . . ."). The motion for summary judgment is therefore **granted** as to Swallers' claims that the defendants' alleged conduct in violating Indiana law is actionable pursuant to 42 U.S.C. § 1983.

- Swallers' Fourth Amendment claim based on the defendants' conduct occurring in August 2015 and on September 1, 2015 lacks a factual predicate. That is, the defendants have established without contradiction from Swallers. That is, the defendants did not enter onto the property in August 2015 or on September 1, 2015 or otherwise engage in conduct which violated Swallers' Fourth Amendment right to be secure against an unreasonable search or seizure. This is the account which the court accepts in resolving the defendants' motion for summary judgment. *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004)("[A] district court is entitled to decide [a summary judgment] motion based on the factual record outlined in the [parties'] Local Rule 56.1 statements.")(internal quotation marks and alterations omitted).

- Swallers claims that the defendants are liable for trespass, theft, and extortion. These are subsumed in whole or in part through Swallers' reference to the ITCA. These are tort claims that arise under Indiana law, not federal law. As has been made clear, there are both federal and state claims in Swallers' complaint. Where a district court has original jurisdiction over a civil action, as is the case here, it also has supplemental jurisdiction over related state claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the federal claims. *Wisconsin v. Ho–Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). Here, however, the federal claims have now been resolved prior to trial. The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The district courts should exercise this discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided. *Williams v. Rodriguez,* 509 F.3d 392, 404 (7th Cir. 2007). The general rule will be followed here, and application of the general rule dictates that the pendent state law claims be **dismissed for lack of jurisdiction.**

## V. Conclusion

The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee,* 246 F.3d 927, 932 (7th Cir. 2001). In seeking summary judgment, the defendants met their initial burden under Rule 56. This shifted the burden to Swallers to "set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). Swallers did nothing to meet that burden.

For the reasons explained in this Entry, therefore, the defendants' motion for summary judgment [dkt 15] is **granted** as to the federal claims which the complaint can be understood as asserting. The pendent claims under Indiana state law will be dismissed for lack of jurisdiction.

This ruling resolves all the claims against all the parties, and final judgment consistent with this ruling shall now issue.

IT IS SO ORDERED.

Date:  3/10/2016

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRENT ALLEN SWALLERS
539 S. Auburn St.
Indianapolis, IN 46241

Electronically registered counsel